IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

LEONOR DEVEGA,
   Plaintiff,
vs.
ARIZONA BOARD OF REGENTS, et al.,
   Defendants.

No. CIV 04-540-TUC-CKJ

**ORDER**

  Pending before the Court is Defendants' Motion for Summary Judgment [Doc. # 28]. Plaintiff has not filed a response. The Court does not find scheduling this matter for oral argument to be appropriate.

*Factual and Procedural Background*[1]

  Leonor DeVega ("DeVega") is employed by the University of Arizona as a Dining Services Attendant ("DSA"). DeVega, born in Mexico and having grown up speaking only Spanish, was repeatedly told during performance appraisals that she needed to improve her English skills.

  In 2002, DeVega was assigned to the beverage and dessert area of the Cactus Grill under the supervision of Lupita Lopez. Lopez did not believe that DeVega had the versatility to handle other DSA jobs in the Cactus Grill because the other jobs would involve more

---

[1] Plaintiff having not filed a response, the facts as set forth in Defendants' Statement of Facts are not disputed. The Court's recitation of the factual background is taken from those facts.

1  communication with customers.  David Galbraith ("Galbraith"), the Director of Dining
2  Services, became aware of complaints regarding DeVega regarding communication with
3  customers.  When another position opened in the Park Student Union ("PSU"), Galbraith
4  reassigned DeVega to the PSU where DeVega would not be required to communicate with
5  customers.  With Lopez interpreting, Galbraith informed DeVega that the transfer to PSU
6  was not permanent and that she would be reassigned again when she improved her English.
7  The August 22, 2002, reassignment did not affect DeVega's salary and did not change her
8  job classification.

9        DeVega filed a discrimination complaint with the University's Equal
10 Opportunity/Affirmative Action Office ("EO/AA").  The office made a finding that there was
11 sufficient evidence to support the allegation of national origin discrimination.  Although
12 Galbraith did not agree with the finding, he did agree to return DeVega to her former
13 assignment in the Cactus Grill.  On October 29, 2002, Galbraith issued a memorandum
14 placing her back in that assignment.  In the summer of 2003, DeVega was reassigned to the
15 On Deck Deli.  In her deposition, DeVega indicated that the On Deck Deli reassignment was
16 fine with her.

17       On October 29, 2002, DeVega filed a charge of discrimination with the EEOC and the
18 ACRD.  The EEOC issued a reasonable cause determination on the charge.

19       On October 8, 2004, this matter was removed from the Superior Court in the Pima
20 County, Arizona. The First Amended Complaint alleges Disparate Treatment Discrimination
21 in violation of the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1463, Disparate
22 Treatment Discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended
23 42 U.S.C. § 2000e *et seq.*, Discrimination on its face in violation of the ACRA, A.R.S. § 41-
24 1463, Discrimination on its face in violation of Title VII of the 1964 Civil Rghts Act, as
25 amended, 42 U.S.C. § 2000e *et seq.*, Negligent Infliction of Emotional Distress, and National
26 Origin Discrimination in Violation of 42 U.S.C. § 1981.

27       On May 26, 2006, Defendants filed a Motion for Summary Judgment.  Plaintiff has
28 not filed a response.

*Summary Judgment Standard*

A party moving for summary judgment has the initial burden to demonstrate, "with or without supporting affidavits[,]" the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986), quoting Fed.R.Civ.P. 56. A material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). The facts material in a specific case are to be determined by the substantive law controlling a given case or issue. *Id.*

Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "set forth specific facts showing that there is a genuine [material] issue for trial." *Id.,* internal quotes omitted. In opposing summary judgment, plaintiff is not entitled to rely on the allegations of her complaint, Fed.R.Civ.P. 56(e), or upon conclusory allegations in affidavits. *Cusson-Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir. 1992). Further, "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kiddle & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Because DeVega will bear the burden of proof at trial as to some of the elements essential to her case, DeVega can withstand Defendants' Motion for Summary Judgment only by making a showing sufficient to establish a genuine issue of fact regarding those elements and showing that the dispute properly may be resolved only by the fact-finder because it could reasonably be resolved in favor of either party. *Celotex*, 477 U.S. at 321, 106 S.Ct. at 2551-52. DeVega must present specific facts in support of her contentions and must support these facts by proper evidentiary material, which show that a fact-finder could reasonably find in DeVega's favor; DeVega cannot merely rest on her pleadings. Fed.R.Civ.P. 56(e). *See also T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir.1987) (citations omitted).

The Court is not to make credibility determinations with respect to the evidence offered and is required to draw all inferences in a light most favorable to the non-moving

1 party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts[.]" *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324 (9th Cir. 1980). By failing to present any evidence in opposition to Defendants' Motion for Summary Judgment, DeVega has failed to make any showing of genuine issues of fact.

*Title VII and the Arizona Civil Rights Act*

DeVega claims that she was discriminated against based on national origin in violation of Title VII and the ACRA. The ACRA being patterned after Title VII, Title VII case law guides the application of both statutes. *Smith v. ITT Corp.*, 918 F.Supp. 304, 308 n. 1 (D.Ariz. 1995); *see also Lutz v. Glendale Union High School*, 403 F.3d 1061 (9th Cir. 2005) (Title VII caselaw is persuasive in interpreting ACRA); *Higdon v. Evergreen Int'l Airlines, Inc.*, 138 Ariz. 163, 673 P.2d 907, 909 n. 3 (1983).

DeVegas' claims are based on disparate treatment based on national original. To establish a prima facie case of disparate treatment, DeVega must show that "(1) she belongs to a protected class; (2) she was performing according to her employer's legitimate expectations; (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.* 150 F.3d 1217, 1220 (9th Cir. 1998); *Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2004).

An adverse employment action is shown where the employer's decision imposed a "material change in the terms and conditions of a person's employment." *Chuang v. Univ. of Cal.*, 225 F.3d 1115, 1126 (9th Cir. 2000); *see also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1997) (holding that transfer with no reduction in compensation did not constitute an adverse employment action); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1465 n. 6 (9th Cir. 1994) (questioning whether transfer from swing shift to day shift

1 was adverse employment action where employee "was not demoted, or put in a worse job, 2 or given any additional responsibilities"); *Yates v. AVCO Corp.*, 819 F.2d 630, 638 (6th 3 Cir.1987) (no adverse employment action where transfer did not result in loss of salary or 4 benefits). The United States Supreme Court has clarified that "a plaintiff must show that a 5 reasonable employee would have found the challenged action materially adverse[.]" 6 *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. —, 126 S.Ct. 2405, 2415 (2006). 7 Here, DeVega was given a change of assignment that was specifically authorized under the 8 University policy. Although her duties were changed, both the initial and changed duties 9 were within the scope of the DSA position. DeVega has made no showing that the alternate 10 duties constituted a "worse job" rather than simply different duties within the DSA position. 11 Furthermore, DeVega has not made a showing that she was subject to a reduction in 12 compensation or given any additional responsibilities. A reasonable employee would not 13 have found the challenged action materially adverse.

14 Moreover, DeVega has not suffered a final or lasting adverse employment action. 15 DeVega was reassigned back to her original position after less than three months. This 16 modification of DeVega's assignment after her complaint to the EO/AA office indicates that 17 the alleged adverse employment action was not sufficiently final to create a prima facie case 18 of employment discrimination. *See Brooks v. City of San Mateo*, 229 F.3d 917, 929-30 (9th 19 Cir. 2000). Indeed, "[t]o rule otherwise would be to encourage litigation before the employer 20 has an opportunity to correct through internal grievance procedures any wrong it may have 21 committed." *Id.* at 930, *quoting Dobbs-Weinstein v. Vanderbilt Univ.*, 185 F.3d 542, 546 (6th 22 Cir. 1999).

23 Assuming *arguendo* that DeVega had established a prima facie case of discrimination, 24 it would then be Defendants' burden to articulate a legitimate nondiscriminatory reason for 25 its decision. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 26 L.Ed.2d 668 (1973). Defendants' Statement of Facts indicate that Galbraith was aware of 27 complaints from customers regarding communicating with DeVega, DeVega's performance 28 appraisals repeatedly advised her to improve her English skills, DeVega has acknowledged

- 5 -

1  that she needed to improve her English skills, Spanish is spoken regularly and openly by the
2  employees in dining services, and another bilingual employee was asked to speak English
3  with DeVega in order to help DeVega improve her English. There is no showing of a
4  discriminatory motive by Defendants. *See e.g., Garcia v. Spun Steak Co.*, 998 F.2d 1480,
5  1489-90 (9th Cir. 1993).

6  Because DeVega has failed to make a showing sufficient to establish a genuine issue
7  of fact regarding an adverse employment action, summary judgment in favor of Defendants
8  is appropriate on claims one through four.

9

10 *Negligent Infliction of Emotional Distress*

11 Arizona law provides, with certain exceptions, that workers' compensation is the
12 exclusive remedy for negligence claims against employers. A.R.S. § 23-1022; *Swichtenberg*
13 *v. Brimer*, 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App. 1991). DeVega has made no
14 showing that her claim for negligent infliction of emotional distress falls within the
15 exceptions. Summary judgment in favor of Defendants on count five is appropriate.

16

17 *42 U.S.C. § 1981*

18 42 U.S.C. § 1981 has been construed to forbid all racial discrimination in the making of
19 private as well as public contracts. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 107 S.
20 Ct. 2022, 95 L. Ed. 2d 582 (1987); *Runyon v. McCrary*, 427 U.S. 160, 96 S. Ct. 2586, 49 L. Ed.
21 2d 415 (1976). However, there is no jurisdiction in the federal courts to consider suits under 42
22 U.S.C. § 1981 which are based solely on a claim of national origin discrimination. *Bullard v.*
23 *OMI Georgia, Inc.* 640 F.2d 632, 634 (5th Cir. 1981) ("discrimination purely on the basis of
24 national origin does not create a cause of action under section 1981"); *Gradillas v. Hughes*
25 *Aircraft Co.*, 407 F.Supp. 865 (D.Ariz. 1975). DeVega's claim of discrimination based on
26 national origin in violation of 42 U.S.C. § 1981 must fail. Summary judgment in favor of
27 Defendants is appropriate.

28

Accordingly, IT IS ORDERED:

1. Defendants' Motion for Summary Judgment [Doc. # 28] is GRANTED;
2. Summary judgment in favor of Defendant is GRANTED, and;
3. The Clerk of the Court shall enter judgment accordingly and shall then close its file in this matter.

DATED this 28th day of July, 2006.

_____
Cindy K. Jorgenson
United States District Judge